

**FILED**

**AUG. 19, 2021**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MICHAEL HUNTER,                            )
                                           )
                Petitioner,                )
                                           )
v.                                         )          Civil Action No. 1:21-cv-02055 (UNA)
                                           )
UNKNOWN NAMED SENATORS, *et al.,*          )
                                           )
                Respondents.               )

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on review of petitioner's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and *pro se* petition for mandamus, ECF No. 1. The court will grant the IFP application and dismiss the petition without prejudice for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that it lacks subject matter jurisdiction), and pursuant to Federal Rule of Civil Procedure 8(a).

Petitioner, a resident of Owntonna, Minnesota, sues 140 United States senators, – two of whom are named and the rest unidentified – a United States Representative, and President Donald Trump. He seeks a "writ of mandamus directing that the Respondents p[er]form duties owed including but not limited to the cease of spread of misinformation and other communications that likely will produce lawless actions[]." He takes serious issue with a variety of alleged actions taken by all respondents, both separately, and in concert.

First, under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560

(1992).  In order to satisfy the standing requirement, petitioner must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision.  *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted).  Importantly, where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Here, petitioner has failed to establish standing because, taking his allegations at face value for purposes of this action, the petition plainly raises a generalized grievance, and petitioner provides no support for any specific injury that is concrete, imminent, or particularized to himself.

Second, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

The instant petition is rambling, wide-ranging, and vague, and therefore, fails to comply with Rule 8(a).

For these reasons, this matter is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: August 19, 2021                                      /s/_____
                                                                    EMMET G. SULLIVAN
                                                                    United States District Judge